UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMMY WILSON,                                              CASE NO.: 8:20-2710

      PLAINTIFF,

v.

BEST CARE HOME HEALTH LLC, a Florida
limited liability company, KHALID T. SAKR,
individually,

      DEFENDANTS.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, TAMMY WILSON, (hereinafter referred to as "the

Plaintiff"), by and through her undersigned counsel and sues the Defendants, BEST CARE

HOME HEALTH LLC "BEST CARE"), a Florida limited liability company, and  KHALID

T. SAKR, individually, (hereinafter collectively referred to as the "the Defendants"), and

states as follows:

### INTRODUCTION

1. This action is brought by the Plaintiff individually pursuant to the Fair Labor Standards

    Act of 1938, as amended 29 U.S.C. § 201, et seq (hereinafter, "the FLSA"), breach of

    contract and unpaid wages pursuant to Chapter 448, *Florida Statutes.*

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). It also

    has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. This

Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) and the principles of pendent jurisdiction.

3. The venue is proper in the Middle District of Florida because the Defendants employed the Plaintiff within the district and BEST CARE maintains its headquarters in the Middle District of Florida.

4. The Defendant, BEST CARE HOME HEALTH LLC is a Florida Limited Liability Company where Plaintiff worked for the Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. Plaintiff was under the direct supervision and management of Defendant, KHALID T. SAKR, and at all times relevant to violations of the Act was engaged in commerce as defined by 29 U.S.C. §§ 207(a).

6. At all times pertinent to this Complaint, the Defendants obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, handled instruments of interstate commerce, goods in interstate commerce, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce, particularly with respect to its employees.

7. The annual gross revenue of the Defendants was at all times material hereto in excess of $500,000 per annum, therefore the Act's requirements and the Overtime requirements apply.

8. From August 22, 2019 through August 30, 2020, the Defendants violated the provisions of 29 U.S.C. §§ 207(a) of the FLSA by failing to pay the Plaintiff overtime.

9. The Defendants misclassified the Plaintiff as an exempt salaried independent contractor not entitled to overtime compensation under the FLSA.

10. At some point, the Defendants began arbitrarily changing and altering the Plaintiff's pay retroactively.

11. The Plaintiff's work was integral to the Defendant's business.

12. The Plaintiff worked full time and exclusively on behalf of the Defendant or directly related entities of the Defendant.

13. The Plaintiff worked under the direct supervision of the Defendant and had little to no authority or discretion.

14. The Plaintiff bore no opportunity for loss.

15. The Plaintiff was subject to discipline and correction by the Defendant.

16. The Plaintiff's duties did not involve the use of discretion or independent judgment.

17. The Plaintiff's compensation did not meet the requirements of the salary or fee basis for an exemption under the FLSA.

18. The Plaintiff was required to stay on the property in between visits and look for additional business for the Defendant.

19. The Plaintiff worked a wide range of hours each week ranging from 50 - 60 hours depending on the needs of the business.

20. The Defendants have failed to keep accurate records of the Plaintiff's work hours in violation of the FLSA.

21. The Plaintiff has retained the undersigned law firm and agreed to compensate it at a reasonable hourly rate.

## COUNT I: VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

22. The Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1-21 of this Complaint.

23. During the Plaintiff's employment, she worked hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half for all of her hours.

24. Records, if any, concerning the number of overtime hours worked, the actual compensation paid to the Plaintiff are in the possession and custody of the Defendants. The Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, she will then seek leave of Court to amend her Complaint for Damages to set forth the precise amount due her.

25. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

**WHEREFORE**, the Plaintiff respectfully requests that judgment be entered in her favor against the Defendants:

   a. Declaring that the Defendants violated the overtime provisions of 29 U.S.C. § 207;

   b. Awarding the Plaintiff overtime compensation in the amount calculated;

   c. Awarding the Plaintiff liquidated damages in the amount calculated;

   d. Awarding the Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

   e. Awarding the Plaintiff pre-judgment and post-judgment interest; and

   f. Ordering any other and further relief this Court deems to be just and proper.

### COUNT II: BREACH OF CONTRACT (UNPAID WAGES)

**Against Best Care Home Health LLC**

26. The Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1-21 of this Complaint.

27. The Plaintiff misclassified as an independent contractor with Best Care Home Health LLC.

28. She had a verbal agreement to receive a salary of $2,750.00 per week for her work.

29. Defendants underpaid the Plaintiff by $7,805 in wages between February 15, 2020 and May 23, 2020.

30. Plaintiff provided notice of this wage violation in accordance with the requirements of Fla. Stat. § 448.110 on October 20, 2020. A true and accurate copy is attached as Exhibit A.

31. Defendants continue to intentionally withhold the Plaintiff's compensation despite the demand.

32. Plaintiff is entitled to recover from Defendant her attorneys' fees and costs incurred in making a claim for unpaid wages, under Florida Statutes, Section 448.08, should she prevail.

**WHEREFORE**, the Plaintiff, TAMMY WILSON, demands judgment in her favor and against the Defendant, against BEST CARE HOME HEALTH LLC and statutory remedies, damages, and relief as follows:

a. $7.805.00 in unpaid wages and salary,

b. Pre-judgment interest;

c. Reasonable attorneys' fees, costs, and expenses; and

d. Such other and further relief as the Court deems just and proper.

## COUNT III: BREACH OF CONTRACT

### Against Best Care Home Health LLC
### (Plead in the alternative)

33. The Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1-21 of this Complaint.

34. The Plaintiff and Defendant Best Care Home Health LLC entered into a contract for the provision of labor and services.

35. The Plaintiff performed all duties as expected of her under the contract.

36. The Defendant breached that contract.

37. As a result of the breach, the Plaintiff has suffered damages.

**WHEREFORE**, the Plaintiff, TAMMY WILSON, demands judgment in her favor and against the Defendant, BEST CARE HOME HEALTH LLC and statutory remedies, damages, and relief as follows:

   a.  $7.805.00 damages,

   b.  Pre-judgment interest; and

   c.  Such other and further relief as the Court deems just and proper.

### JURY DEMAND

38. Plaintiff demands trial by jury on all issues so triable as of right by jury.

Respectfully submitted: this 17th day of November 2020.

By: /s/ Frank M. Malatesta, Esq.
FRANK M. MALATESTA, ESQUIRE
Florida Bar No.: 0097080
MALATESTA LAW OFFICE
871 Venetia Bay Boulevard, Suite 235
Venice, Florida 34285

Telephone No.: (941) 256 - 3812
Facsimile No.: (888) 501-3865
Frank@malatestalawoffice.com
Staff@malatestalawoffice.com
*Counsel for Plaintiff*